# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timathy Johnathan Backay, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Nancy A. Berryhill, Acting, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 4:16-1936-RMG <br><br> **ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") April 25, 2017, recommending that the Commissioner's decision be affirmed. (Dkt. No. 24). Plaintiff filed objections to the Magistrate's Judge's R & R, arguing that the Administrative Law Judge (ALJ) failed to adequately explain his findings that Plaintiff did not meet the requirements for Listing 12.04 and that Plaintiff's pain symptoms were not as limiting and severe as alleged. (Dkt. No. 26). These are essentially the same arguments Plaintiff made before the Magistrate Judge.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

The Commissioner found that Plaintiff suffered from physical and mental health impairments, including lumbar radiculopathy, status post surgery, and depression. Tr. 14. The Commissioner further found that Plaintiff's impairments limited him to sedentary work. Tr. 16. In making those findings, the ALJ appropriately described the conflicted administrative record in this matter and provided a reasoned and comprehensible explanation for his conclusions. In fact, the ALJ found that Plaintiff's impairments provided significant limitations on the scope of the

claimant's potential employment opportunities in the market place, but nonetheless concluded that the Plaintiff retained the residual functional capacity for sedentary work. Tr. 16-20. Further, the ALJ recognized that Plaintiff suffered from mental health impairments, but provided a reasoned explanation why those limitations did not meet Listing 12.04 requirements. Tr. 14-16. Since the record contains substantial evidence to support the findings of the Commissioner, the Court is obligated to affirm the decision of the Commissioner under the substantial evidence rule.

The Court has reviewed the R & R, the decision of the Administrative Law Judge, the administrative record, and the applicable case law. The Court is satisfied that the Magistrate Judge ably and thoroughly analyzed the factual and legal issues in this matter and appropriately recommended that the decision of the Commissioner should be affirmed. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 24) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

May 16, 2017
Charleston, South Carolina